Taylor *v.* Sledge, Wells & Co.

TAYLOR *v.* SLEDGE, WELLS & CO.

108 719
s110 265

(*Jackson.* May 26, 1902.)

1. JURY TRIAL. *Right of plaintiff to waive.*

A plaintiff who has demanded a jury trial may waive same if defendant makes no objection at the time. (*Post, pp.* 721, 722.)

Cases cited: Warren *v.* Grocery Co., 96 Tenn., 574; Railroad *v.* Martin, 85 Tenn., 134; Coulter *v.* Sewing Machine Co., 3 Lea, 115; Railroad *v.* Trent, 16 Lea, 419.

2. WRIT OF INQUIRY. *Executed at term subsequent to judgment by default.*

A writ of inquiry awarded on a judgment by default may be executed at a subsequent term. (*Post, p.* 722.)

3. JUDGMENT. *On bond for writ of error and supersedeas.*

There being no statute applicable to such case, the bond for writ of error and supersedeas to reverse a judgment on a claim for unliquidated damages must be in the amount and on the conditions fixed by the Judge's fiat, and judgment thereon, upon dismissal of the writ of error, should conform to the amount and conditions of the bond. (*Post, pp.* 722, 723.)

Code construed: §§ 4894, 4895, 4920 (S.); §§ 3879, 3880, 3904 (M. & V.); 3162, 3163, 3184 (T. & S.).

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County. L. H. ESTES, J.

---

Taylor v. Sledge, Wells & Co.

SMITH & TREZEVANT for Taylor.

PIERSON & EWING for Sledge, Wells & Co.

WILKES, J.   Sledge, Wells & Co. brought suit against Emmet Taylor in the Circuit Court of Shelby County for $1,148.50 damages, claimed by reason of the falling of a defective building which they had leased from Taylor.   The declaration was filed on the 19th of September, 1900, alleging the ownership of the building in Taylor, and the lease to Sledge, Wells & Co., and a copy of the lease is made part of the declaration.   It is averred that Sledge, Wells & Co. took possession of the building believing it to be safe, but it was not, and the building fell and damaged them to the extent of $1,148.50.   The declaration demanded a jury to try the issues to be joined.   On February 16, 1901, judgment by default was taken and entered, and the order recites that a writ of inquiry is awarded to ascertain the damages, as they do not appear by simple calculation from the face of the papers, and a jury will come to assess the same.

The inquiry was not executed until the next term, but on the 4th of June, 1901, the following order appears:   "This day came the plaintiffs, by their attorney, and waiving a jury to assess their damage, and consenting that said damages may be assessed by the Court upon the writ of inquiry heretofore awarded in this cause upon the judgment by default entered herein, and proof being heard by

the Court, the plaintiff's damages are by the Court assessed from the proof at $1,148.50; then follows judgment for this amount and costs. So far as the record shows, the defendant, Taylor, never at any time appeared or defended the suit.

On the 27th of September, 1901, Taylor filed his petition for writ of error and supersedeas, which was granted by one of the Justices of the Court.

It is now assigned as error that the Court improperly found the damages, instead of leaving the matter to a jury to ascertain and fix them. It is insisted that the holding of the Court in *Warren* v. *Grocery Co.*, 12 Pickle, 574, is conclusive of the present case. We think the contention not well made. In that case the party who had demanded a jury waived it, over the objection of the opposite party, and it was held that by permitting the plaintiff to waive the jury over the objection of defendant unwittingly deprived the defendant of the benefit of a jury trial, since it was not incumbent on the defendant, in view of the plaintiff's demand, to make a similar one. But in the present case no objection was made by the defendant, and he permitted the plaintiff to make the waiver and the trial Judge to hear the proof and fix the amount without objection or appeal, and it is too late after final judgment to complain. The jury having been once called for by the plaintiff, he could not dispense with such jury over the objection of defendant. But either party waives his rights to a jury by failing

24 P—46

to insist upon one at the proper time. *E. T., Va. & Ga. Ry. Co.* v. *Martin*, 85 Tenn., 134-138; *Coulter* v. *Weed Sewing Machine Co.*, 3 Lea, 115. The statute provides that the jury, if demanded, may subsequently be waived by the consent of both parties, but this consent may be express or implied. Cases *supra. Railroad Co.* v. *Trent*, 16 Lea, 419-422. Such has been the holding in other States. *Flynn* v. *Holmes*, 8 Mich., 97; *Huppen Bauer* v. *Dulin*, 26 La. Ann., 542; *White* v. *Noris*, 107 N. C., 101; *Preston* v. *Wright*, 60 Iowa, 353.

We think it was not error to execute the writ of inquiry and fix the damages at a term subsequent to that at which the writ was awarded, if it was not executed at the latter term, and no notice to adverse party would, in such case, be necessary.

The writ of error and supersedeas will be dismissed at cost of petitioner, and proper judgment will be entered here on the supersedeas bonds.

A question is raised as to the proper judgment on the bond for supersedeas. The fiat for the supersedeas prescribes a bond for the judgment, interest and costs, and the bond given. conforms to this requirement. It is insisted that judgment shall be given against the surety on the prosecution bond for the amount of interest on the judgment in the Court below, and costs, but not for the amount of the judgment itself, and that a proper supersedeas bond in the present case under the statutes would have been for damages and costs only, and not to cover

the judgment. The action was prosecuted in the lower Court upon an unliquidated claim for damages, and not upon any instrument signed by the defendant, and it is argued that the bond and judgment should be in conformity with that which would be required and rendered in case of such demand when there is an appeal. Shannon's Code, §§ 4894, 4895, 4920. On the other hand plaintiff insists that the bond and judgment should conform to the provisions of § 4868, which prescribes the judgment on bonds required in cases of certiorari and supersedeas from a superior to an inferior jurisdiction. We have been cited to no provision of the statute and no holding or ruling of this Court as to what bond shall be required in cases of supersedeas in conjunction with a writ of error. In the absence of any statutory provision, we are of opinion the proper rule is that bond shall be in the amount and with the conditions fixed in the fiat of the Judge or Court granting it, and judgment shall be rendered according to the terms of the bond and the amount of the same, unless for some special reason the Court finally hearing the cause should determine otherwise. The judgment in this case will be for the amount of the judgment of the Court below and interest and costs.