Taylor v. Sledge.

EMMETT TAYLOR *v.* R. M. SLEDGE *et al.*

(*Jackson.*   April Term, 1903.)

1. **WRIT OF ERROR AND SUPERSEDEAS.** Suing out, operates as entrance of appearance.

Where, after judgment by default is taken, and a writ of inquiry is awarded and executed, the damages ascertained, and final judgment therefor is entered, the defendant sues out a writ of error and supersedeas, he thereby enters his appearance, and the supreme court obtains jurisdiction of his person, and its judgment against him is valid and conclusive of the matters therein adjudged, although the original summons may not have been served upon him. (*Post, pp.* 264-268.)

Cases cited and approved: Palmer v. Malone, 1 Heisk., 549; Woolridge v. Boyd, 13 Lea, 151; Hurt v. Long, 90 Tenn., 448; Taylor v. Sledge, 108 Tenn., 719.

2. **RES ADJUDICATA.** Judgment by default is as conclusive as judgment upon defense.

A judgment by default is as conclusive against the parties as one rendered in a case where the defendant appears and makes defense, as to all material matters properly pleaded and averred in the declaration. (*Post, pp,* 268-270).

Case cited, distinguished and approved: Sale v. Eichberg, 105 Tenn., 333.

3. **SAME.** Same. Case in judgment.

Where a landlord rents a building to a tenant, and during the tenant's occupancy the floors fall, which the tenant claims was caused by reason of defective construction or want of proper repairs, and the landlord by reason of the tenant's wrongful overloading the upper floors, and the tenant sues the landlord

for damages sustained and recovers a judgment by default, which is thereafter affirmed by the supreme court upon a writ of error, sued out by the landlord, subsequent to which the landlord sues to recover damages from the tenant for the alleged wrongful overloading of the building, the issue in both actions is the cause of the falling of the floors, and therefore the judgment in the first action is *res adjudicata* and conclusive against the landlord, and a bar to the maintenance of his suit. (*Post, pp.* 264-270.)

Case cited, distinguished and approved: Sale v. Eichberg, 105·
Tenn., 333.

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

SMITH & TREZEVANT, for Taylor.

CARUTHERS EWING, for Sledge et al.

---

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant rented to the defendants a house in Memphis, to be occupied by them as brokers and commission merchants. Some time after defendants took possession and moved their stock of · merchandise into

the house, the floors of the second, third, and fourth stories gave way and fell; and a controversy arose between the parties as to whether the catastrophe was caused by the defective construction and want of repairs of the house, or by the wrongful and negligent action of the defendants in overloading the upper floor.

The defendants sued the complainant, Taylor, in the circuit court of Shelby county, to recover the damages sustained by them by the falling of the floors; and, no defense being made, judgment by default was taken, and upon writ of inquiry the damages of the plaintiffs were found to be $1,148.50, for which a final judgment was entered.

Complainant then brought the case before this court by writs of error and supersedeas, and assigned as error the action of the circuit judge in executing the writ of inquiry without the intervention of a jury—one having been demanded in the declaration—which assignment was overruled, and the judgment affirmed against him and his surety upon his supersedeas bond. This case is reported in 108 Tenn., 719, 69 S. W., 266.

Thereupon this bill was brought, charging that the summons in the action of Sledge, Wells & Co. against Taylor was not served upon complainant Taylor; that the circuit court did not have any jurisdiction of his person, and that the judgment recovered against him was for this reason absolutely void; also that the collapse and falling in of the floors of the house

rented defendants was caused by the negligence of the defendants in overloading the upper floor, and that they were liable to complainant for $465.46, the cost of repairs—with a prayer that the collection of said judgment be enjoined, and that complainant have a decree against defendants for $465.46, damages alleged to have been sustained by him. Other relief was prayed, but need not be noticed here.

The defendants, answering, say that the complainant was served with process in the original case, but that the question is not now an open one, as he entered his appearance and submitted to the jurisdiction of the court when he sued out writs of error and supersedeas and had the case reviewed by this court, and that the former case involved the same subject-matter as this one, so far as the complainant seeks to recover damages for injuries done his house; and they plead the judgment in that case in bar of this part of the relief sought against them. Thus two questions of law are presented, the determination of which must be conclusive in this cause.

1. Did the complainant, by suing out the writs of error and supersedeas in the case of Sledge, Wells & Co. against Taylor, enter his appearance in that case, and submit to the jurisdiction of the court? We hold that he did. He had the election of two remedies to correct any error committed against him. If there was error in the face of the record, he could have the judgment reversed upon writ of error from this court. If there

was no jurisdiction of his person, the judgment was absolutely void, and he could have had it so decreed, and its collection enjoined, by proper proceedings in the chancery court. It was his right and his duty to choose between these two remedies. He could not have both, because a party is entitled to only one trial in court; the policy of the law being to prevent multiplicity of suits and to put an end to litigation. It is immaterial that the two remedies are not equally broad, as the defendant is not bound to adopt the one that is less effectual. A writ of error will not reach all errors that may be committed against a defendant in such cases, because, in the absence of a bill of exceptions, they may not appear in the record. Yet he must, when he elects to pursue this remedy, take the chances of the soundness of his judgment, and abide the consequences.

We are, therefore, of the opinion that the complainant entered his appearance in the former case when he sued out the writs of error and supersedeas; that this court thereby obtained jurisdiction of his person, and its judgment against him is valid and conclusive of the matters therein adjudged, although the original summons may not have been served upon him. There does not seem to be any reported case of this court deciding this precise question, but there are some involving analogous questions which support this decision, so far as they bear upon this case. *Palmer* v. *Malone*, 1 Heisk., 549; *Woolridge* v. *Boyd*, 13 Lea, 151; *Hurt* v. *Long*, 90 Tenn., 448, 16 S. W., 968. The chancellor also found,

and we think correctly, that process in the original case ·
was served upon complainant, and that he was properly
before the court.

2.   The second question to be determined is whether
the case of Sledge, Wells & Co. against Emmett Taylor
involved the same subject-matter as this case, so far as
complainant seeks to recover damages against the de-
fendants for injuries to his storehouse, and, if so,
whether the judgment in the former case is *res adju-
dicata* of these matters, and a bar to such relief.   There
can be no doubt but that the same facts and questions
involved in the former case must be the subject of ad-
judication in this one; but the complainant insists that
the judgment in that case, being by default in the circuit
court, is not *res adjudicata* of any claim and rights he
may have, growing out of such matters, and does not
bar him from a recovery on account of the same against
the defendants.   The case of *Sale* v. *Eichberg,* 105 Tenn.,
333, 59 S. W., 1020, 52 L. R. A., 894, is relied upon to
support this contention.   A judgment by default is as
conclusive against the parties as one rendered in a case
where the defendant appears and makes defense of all
material matters that are properly pleaded and averred
in the declaration.

The rule is clearly stated by an eminent author in
these words: "A judgment taken by default is conclu-
sive by way of estoppel in respect to all such matters
and facts as are well pleaded and properly raised, and
material to the case made by declaration or other plead-

ings, and such issues cannot be relitigated in any subsequent action between the parties or their privies." 1 Black on Judg., sec. 87. The facts to be ascertained and the questions to be determined in the former case and in this are clearly the same. The question in both is, what caused the floors in the storehouse to give way and fall, injuring the stock of goods of the one party, and the building of the other? In the former case Sledge, Wells & Co. averred that it was the fault of the construction and want of repair. In this complainant claims that the floors were properly constructed and in good repair, and were caused to fall by the negligence of the defendants in overloading them. Necessarily the claims of both parties must be determined in the decision of both suits. We are clearly of the opinion, and so hold, that the judgment in the former case of Sledge, Wells & Co. against Taylor is *res adjudicata* and conclusive against the complainant in this action against them in this case. The case of *Sale* v. *Eichberg, supra,* is not in conflict with our holding that a judgment by default is conclusive of all material questions arising in the pleadings. The judgment which was relied upon in that case as *res adjudicata* of the complainant's claim for damages was one by confession required to be made by Eichberg upon his application for a fiat for an injunction enjoining an action at law which Sale had brought against him, and not a judgment by default negligently suffered to be entered. While the general rule upon the subject is discussed in

that opinion, it was not intended to hold, and was not held, that the judgment by default is not conclusive of all matters properly pleaded and involved in the pleadings in the case in which the judgment is entered.

The other assignments of error were disposed of orally. The decree of the chancellor will be modified to conform to this opinion.