IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

FILED

May 3, 1996

Cecil W. Crowson
Appellate Court Clerk

THOMAS W. HARRISON,          )
TERRY HARRISON, and          )
BRENDA HARRISON KENNAMORE,   )
                             )
    Plaintiffs/Appellees,   )  Giles Chancery No. 7581
                             )
v.                           )  C.A. No. 01A01-9505-CH-00192
                             )
EARL LAURSEN,                )
                             )
    Defendant/Appellant.     )

### APPEAL FROM GILES COUNTY CHANCERY COURT
### THE HONORABLE JIM T. HAMILTON, CHANCELLOR

**Robert L. Holloway, Jr.**
Columbia, Tennessee
Attorney for Appellant

**M. Andrew Hoover**
**Jack B. Henry**
**Andrew Hoover & Attorneys**
Pulaski, Tennessee
Attorneys for Appellees

### REVERSED AND REMANDED

**OPINION FILED:** _____

        **WILLIAM H. WILLIAMS, SENIOR JUDGE**

**CONCUR:**

**CRAWFORD, P.J., W.S.**

**FARMER, J.**

### PRELIMINARY STATEMENT

This is an appeal of a nonjury action in chancery form originally brought to rescind a contract

for the sale of real estate and for damages to real property. The complaint was filed on January 22,

1991. Four separate hearings have been held in this cause. The first hearing was held without intervention of a jury. The second and third hearings were heard in the presence of a jury, and the fourth hearing in this cause was held without a jury. Following the fourth trial in the Chancery Court of Giles County, Tennessee, the chancellor entered a judgment against appellant for $22,279.59. The defendant, Earl Laursen, timely filed a notice of appeal from the final order entered January 9, 1995. The defendant, Delorita Laursen, did not perfect her appeal by filing a notice of appeal and is not before this Court. See, e.g., Town of Carthage, Tennessee, et al. v. Smith County, Tennessee, No. 01-A-01-9308-CH-00391 (Tenn. App., March 8, 1995). The appeal by the defendant/appellant, Earl Laursen, has been perfected and is properly before this Court. The appellant contends that the trial court erred in not having a jury hear the fourth case and in assessing damages to the real property. We reverse and remand for reasons that will hereinafter be shown.

## ISSUES

The issues of the appellant are as follows:

*1. Whether the trial court committed error in granting appellees' motion to allow the trial court to determine the issues without the intervention of a jury.*

*2. Whether the evidence presented was sufficient to warrant the award of damages granted by the trial court for the diminution of value to the property and the loss of rental value of the pastures.*

## STATEMENT OF FACTS

Plaintiffs/Appellees, Terry William Harrison, Thomas W. Harrison, and Brenda Harrison Kennamore, (hereinafter "appellees"), owned 128 acres of real property in Giles County, Tennessee. The property included 85 acres of pasture land, fences, and a two-story, seven-room farmhouse. The defendant/appellant, Earl Laursen (hereinafter "appellant"), purchased the property from appellees in January, 1988. The appellant purchased the property for $1,000 per acre for a total purchase price of $128,000. The purchase price was to be paid as follows: $5,500 as earnest money was to be applied to the purchase price, appellant was to assume the $86,797.67 mortgage loan, and the remaining balance of $35,702.32 was to be paid to appellees with eight percent (8%) interest. The appellant took possession of the land in March, 1988. After having made regular payments for over two years, appellant stopped making payments in August, 1990. On November 7, 1990, appellees declared the contract breached and entered and took possession.

1

Appellees filed a complaint in the Chancery Court of Giles County on January 22, 1991 requesting that the January, 1988 contract between the parties be rescinded, that all mortgage payments made by appellant be forfeited, and that appellant be required to pay for damages to the land. The appellant and spouse filed an answer and counter-complaint in which they demanded, inter alia, a jury trial. A trial was held without a jury on April 11, 1991 (hereinafter "first trial"). The trial court ordered the contract rescinded, all monies paid by appellant were forfeited, and damages were awarded to appellees. On appeal, this Court modified the chancellor's determination and remanded the cause by order and opinion entered October 23, 1992. Specifically, this Court held that the appellant was entitled to recover for amounts paid on the purchase price plus taxes. Appellees were entitled to be compensated for the use of the land while it was in the appellant's possession. Also, if the land appreciated in value, appellant was entitled to the increase, and if the land depreciated, appellees were entitled to the decrease. The cause was remanded to the trial court.

In December, 1992, appellant moved for and was granted a jury trial on the remaining issues in the cause. On May 17 and 18, 1993, appellant tried the case, pro se, before a jury (hereinafter "second trial"). The jury returned a verdict which awarded appellant a judgment against appellees for $10,558.46. Appellees filed a motion for additur to the value found by the jury of the decrease of the land and for alternative relief. The trial court granted appellees' motion and entered an order granting additur in the amount of $24,000. Appellant objected to the additur, and the trial court granted the request for a new trial in August, 1993. On May 4, 1994, another jury trial was conducted (hereinafter "third trial"). The jury returned a verdict which awarded appellant a judgment against appellees of $11,934.46. On June 2, 1994, appellees filed a motion for judgment NOV (non obstante veredicto). In response, appellant filed on June 27, 1994 a motion for new trial and for remittitur. On August 5, 1994, the trial court denied both motions but granted appellees a new trial.

On October 26, 1994, appellees, relying upon this Court's prior opinion in the cause, filed a motion seeking to have the trial court determine the issues without a jury. In our October 23, 1992 opinion, this Court stated, "Since the cause must be remanded, we think the trial judge should determine this issue after giving each party a chance to offer proof." On November 30, 1994, the chancellor entered an order stating, "It is clear that the Court of Appeals intended for the trial court

2

to determine the issues without a jury."

The cause came on to be heard without a jury on December 5 and 6, 1994 (hereinafter "fourth trial"). Appellant and spouse were not present at trial due to their being in California at the time, but were ably represented by counsel at the hearing. The trial court found that appellant had complete control of the property for 32 months, and during that time, the property depreciated in value $40,000, that the loss in rental value for the farmhouse for that period was $8,800, and the total rental value for the pastures for that time was $5,757.34. The trial court determined that appellees were entitled to damages of $54,557.34. This amount was offset by the $32,277.75 that this Court previously held that appellees owed appellant for the amounts paid on the purchase price plus taxes. Therefore, after being given credit for mortgage payments and taxes, the trial court determined that appellant owed appellees $22,279.59 plus costs for damages to the property. The trial court entered the final order in this cause on January 9, 1995 and the appellant timely filed his notice of appeal on February 8, 1995.

This action was held without the intervention of a jury. Rule 13(d), T.R.A.P., requires this Court to review the findings of fact by the trial court <u>de novo</u> upon the record, accompanied by a presumption of the correctness of the findings. Unless the preponderance of the evidence is otherwise, we must affirm the trial court absent error of law. At the conclusion of the trial, the chancellor stated he was going to take the case under advisement and would notify the parties upon entry of the judgment. The trial court in this case included its findings of fact and conclusions of law in its final order. Thus, on appeal, this Court has been presented with the transcript of the evidence, the technical record, exhibits, and the trial court's final order entered in the cause.

## JURY TRIAL

Appellant asserts that the trial court erred in granting appellees' motion to hear the case without the intervention of a jury. Appellant prayed for a jury in his answer to the complaint filed on March 23, 1991. Apparently, the request for a jury was waived because the first trial was heard in November, 1991 without a jury. The trial court's ruling was appealed to the Middle Section of this Court which issued an opinion on October 23, 1992. In remanding the cause on the issue of damages, the Court stated, "Since the cause must be remanded, we think the trial judge should determine this issue after giving each party a chance to offer proof." The Court also stated in its

3

opinion, "However, since the cause is to be remanded we leave the question of a lien to the trial judge after his finding as to the amounts owed by the respective parties." On December 22, 1992, two months after the cause had been remanded, the appellant filed his motion for jury trial in the trial court. Although the motion was filed more than 15 days after the issuance of the mandate by this Court, the trial court in its discretion granted the motion on February 17, 1993.

The second trial was held in May, 1993 before a jury. After determining damages and offsets, the jury returned a verdict in favor of the appellant. The trial court granted appellees' motion for additur and alternative relief, and subsequently, on August 26, 1993, the trial court granted appellant a new trial. The third trial was held before a jury in May, 1994. The jury again returned a verdict in favor of the appellant. Appellees filed a motion for judgment NOV, and appellant moved for a new trial. On August 5, 1994, the trial court denied both motions, but granted appellees a new trial because the jury had disregarded instructions in determining the decrease in value of the land while in appellant's possession.

On October 26, 1994, appellees filed a motion in the trial court requesting that the trial court determine the issues without the intervention of a jury. In support of their motion, appellees cited the statements made by this Court in its October 23, 1992 opinion remanding the cause to the trial court. Appellant did not consent, but filed no objection, and the trial court granted the motion by order entered November 30, 1994. Thereafter, a hearing was conducted on December 5 and 6, 1994 without the intervention of a jury.

The Tennessee Constitution does not guarantee the right of trial by jury in suits of an equitable nature as there was no right to trial by jury in these cases in 1796. The Tennessee Constitution Art. 1, § 6 preserves the right to a jury trial as it existed at the common law. State v. Hartley, 790 S.W.2d 276, 277-78 (Tenn. 1990); Harbison v. Briggs Bros. Paint Mfg. Co., 354 S.W.2d 464, 467 (Tenn. 1962). Thus, there is no right to trial by jury in essentially equitable actions unless the cause was triable by a jury when the Constitution of 1796 was adopted. Town of Smyrna v. Ridley, 730 S.W.2d 318, 321 (Tenn. 1987). See also Sasser v. Averitt Express, Inc., 839 S.W.2d 422, 434 (Tenn. App. 1992). However, the right to a jury trial may be granted by statutes which supplement the Constitutional right. Specifically, T.C.A. § 21-1-103 (1976) expressly states:

> **Right to trial by jury. --** Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, as to such

4

accounting, and those elsewhere excepted by law or by provision of this Code, and all the issues of fact in any proper cases shall be submitted to one (1) jury. T.C.A. § 21-1-103 (1976).

The statutory right to a jury trial in Chancery Court is a long-standing tradition in Tennessee. Except for a four-year period (1972-1976), the right continuously has been guaranteed by statute since 1846. Smith Co. Educ. Ass'n. v. Anderson, 676 S.W.2d 328, 336 (Tenn. 1984); T.C.A. § 10574-80 (Williams 1934). The current statute as passed in 1976 is a verbatim reenactment of the prior law. The legislature intended to restore the law as it existed prior to the enactment of the present Rules of Civil Procedure. Senator Oehmig, the sponsor of the senate bill which became Chapter 436 of the Public Acts of 1976, made the following remarks when the bill was before the Senate on its third and final reading:

In 1972 when we adopted Rules of Civil Procedure, there were certain code sections that were repealed and this was one of them and it was felt that the present rules do not cover this situation of jury trials in Chancery and this just puts back the old law into effect. (emphasis added).

See, e.g., Smith Co. Educ. Ass'n. v. Anderson, 676 S.W.2d 328, 337 (Tenn. 1984). The legislature clearly intended to reestablish the previous law and give it broad right to trial by jury in Chancery Court actions.

In the instant case, appellant filed the Rule 38.02, T.R.C.P., motion for a jury trial on December 22, 1992 which was clearly more than 15 days after entry of this Court's October 23, 1992 mandate remanding the cause to the trial court. While the trial court was under no obligation to grant the defaulting party's motion since it was late filed, it nevertheless exercised its discretion under Rule 39, T.R.A.P., and granted the motion for jury trial. Once the trial court granted the motion, the right to jury trial vested. See, e.g., Silcox v. Smith Co., 487 S.W.2d 652, 658 (Tenn. App. 1972). While Rule 39.02, T.R.A.P., gives the trial court discretionary power to allow a trial by jury regardless of previous default in demand for jury, the defaulting party does not have the right to a jury trial after failure to make timely demand (emphasis ours). Likewise, the other party is not entitled to a nonjury trial if the trial court exercises its discretion and allows a jury trial. Id. at 658.

As previously noted, either party to an action in Chancery Court is entitled, upon timely

5

application, to a trial by jury to determine material facts in dispute, except in cases involving complicated accounts and in other cases expressly accepted by law or statute. T.C.A. § 21-1-103 (1976); Town of Smyrna v. Ridley, supra (jury trial was properly denied as to question of amount of forfeiture incurred, as this question involved a complicated accounting). Those cases in which the right to a nonjury trial have been upheld have been limited to narrow exceptions. As noted in Greene County Union Bank v. Miller, 75 S.W.2d 49, 52 (Tenn. App. 1934):

> . . . The question as to the absolute right of a party to a trial by jury is for the chancellor to determine from the pleadings, whether or not the case involves a complicated accounting. If it is a case for complicated accounting, such party has no right to demand or have a trial by jury. . . . No hard and fast rule can be laid down as to what constitutes such a complexity of accounts as to authorize a court of equity to assume jurisdiction; each case seems to stand upon its own facts. Id. at 52.

See also Southmoor, Inc. v. Baptist Mem. Hosp., 444 S.W.2d 716, 719 (Tenn. App. 1969).

In Moore v. Mitchell, 329 S.W.2d 821 (Tenn. 1959), the Tennessee Supreme Court found that the Code provisions declare that either party in chancery is entitled to a jury except in cases of complicated accounts and ". . . those elsewhere excepted by law or by provisions of this Code. . . ." T.C.A. § 21-1-103 (1976). Therefore, the limitation on the right to a jury trial applies only to those cases expressly excepted by the Code, to those statutory exceptions not found in the Code, and to those cases which by their very nature are inappropriate for submission to a jury. Moore, 329 S.W.2d at 823-24.

It would appear that the recent cases interpreting T.C.A. § 21-1-103 have limited the exceptions to the right to a jury trial and have expanded those situations in which a jury trial may be had in chancery. The statute has been interpreted so as to authorize a trial by jury in matters of an inherently equitable nature as well as in matters within the Chancery Court's auxiliary jurisdiction. Moore v. Mitchell, supra; Smith Co. Educ. Ass'n. v. Anderson, supra (the statutory right to a jury trial in Chancery Court applies to matters of an inherently equitable nature, and the jury's verdict is not merely advisory).

Examination of the pleadings reveals that the underlying case is not of such an inherently equitable nature nor does it require an accounting as contemplated by the Code such that the right to a jury trial should be denied under T.C.A. § 21-1-103.

6

We are of the opinion that the instant appeal does not involve the complexity of accounts and transactions that the Court contemplated in Greene nor does it involve ". . . myriad and complicated day-by-day transactions . . . over a seven-year period . . ." as was the case in Arrants v. Sweetwater Bank & Trust Co., 404 S.W.2d 253, 256 (Tenn. App. 1965). We note with increasing interest regarding the instant case that after hearing the evidence presented, the juries in the second and third trials returned the same verdict and awarded damages within $1,376.00 of one another. Thus, we find that this case does not fall into the exceptions of T.C.A. § 21-1-103 and that the appellant is entitled to a trial by jury upon remand.

Appellees insist that this Court's prior opinion in this cause directed the trial judge to make certain determinations; therefore, the trial court was correct in denying appellant a jury trial. Appellees' argument is baseless. This Court's opinion may not be read so narrowly as to justify the denial of the appellant's right to a jury trial for such was not contemplated. This Court does not contemplate, anticipate, or speculate as to what procedural rights the party litigants will elect to exercise upon remand of the cause to the trial court for other or additional proceedings. Those matters address themselves to the discretion of the trial judge but are reviewable by this Court.

A fortiorari, it is the duty, and indeed, the responsibility of this Court to furnish directions to the trial judge and the parties as to what we hold must be determined upon remand of the cause in order to obtain equity and justice. In so doing, this Court must be governed by the record before the Court. The record on appeal in this case at that time shows that the trial was conducted by the trial judge without a jury. As such, this Court, pro forma, directed the trial judge to make certain findings upon remand. No issue of the right of trial by jury was before the Court. The transcript in the instant appeal reveals that the trial court, by written order, granted the appellant's demand for jury trial after the remand by this Court. Once the trial court granted appellant's motion, the right to a jury trial vested and could only be waived by consent of the parties. See Rule 38.05, T.R.A.P. This record does not reveal that the appellant consented to waive the trial by jury at any time. Nevertheless, subsequently, the appellees moved the trial court to conduct the hearing without a jury, pointing to the language of the Court in its opinion directing the trial judge to make certain determinations. The trial court was so persuaded and thereupon entered an order to hear the cause as a nonjury matter. While the appellant did not object to the appellees' motion for determination of the issues without intervention of the jury, under Tennessee case law, this omission is insufficient

7

to warrant consent to withdraw the demand for jury trial. Those cases which have addressed waiver of a jury demand and which have declared there to be no right to a jury have all involved instances in which the parties failed to object prior to entry of the <u>final judgment</u> (emphasis ours). <u>Taylor v. Wells</u>, 69 S.W. 266 (Tenn. 1902); <u>American Nat'l Bank v. Bradford</u>, 188 S.W.2d 971, 978 (Tenn. App. 1945); <u>Potts v. Knox-Tenn. Rental, Inc.</u>, 467 S.W.2d 796, 798-99 (Tenn. App. 1970); <u>Albin v. Union Planters Nat'l Bank</u>, 660 S.W.2d 784, 785 (Tenn. App. 1983). Such is not the case in the instant matter. Appellant's counsel made it plain to the trial court at the beginning of the trial when he stated into the record:

> MR. BROCKMAN: I've got one more motion briefly, Judge. Judge, in respect to the jury trial, I know that Mr. Henry filed a motion to hear this without a jury trial. The Court has considered the opinion of the Court of Appeals and has read that. Now I came into this case late. There was a lawyer before me, but at least it appears to me -- I could be wrong. If I am I leave it to Mr. Henry and the Court to point it out. But sometime after that decision it would appear that my clients moved for a jury trial and it was granted, and now it's being rescinded, and based upon that I think my clients have asked for and were granted a jury and were entitled to it. I'm asking the Court to give us a jury.

> \* \* \* \*

> THE COURT: Well, I want this on the record, the Court was in error when I granted them a jury trial. That was a mistake on my part. I should have followed the direction of the Court of Appeals. I should have denied that request and decided the case as I was instructed. I correct that error. I'm going to overrule your motion. . . .

It is apparent that the appellant, through proper counsel, did not consent to withdraw or waive its right to a jury trial.

Under the particular facts and circumstances of this case, as heretofore pointed out, we are constrained to reaffirm that which we said in <u>Arrants v. Sweetwater Bank & Trust Co.</u>, <u>supra</u>, at 256, regarding T.C.A. § 21-1-103, then T.C.A. § 21-1011:

> It is recognized that, under the above statute, 'the Chancellor may refuse to submit issues that are of a complicated and intricate nature, that is, such as the Chancellor himself, because of peculiar equitable rules or other requirements, may determine. He may submit some issues and reserve others. But this action is subject to review. <u>He must not thereby deprive a litigant of the right to have the substantial disputes as to matters of fact passed upon by the jury.</u>' (emphasis ours).

Accordingly, we reverse the chancellor's determination that the cause be heard without a jury and remand the cause to the trial court for a hearing before a jury consistent with this Court's opinion of October 23, 1992. Because this cause is remanded for jury trial, it is not necessary that the Court address appellant's remaining issues. Costs on appeal are taxed to appellees for which let execution issue, if necessary.

_____
WILLIAM H. WILLIAMS, SENIOR JUDGE


CONCUR:


_____
W. FRANK CRAWFORD, P.J., W.S.


_____
DAVID R. FARMER, J.