IRENE NORMAN MOORE, alias IRENE TAYLOR MOORE, Petitioner,

*v.*

TOM P. MITCHELL and JULIA TAYLOR, by and through TOM P. MITCHELL, Conservator, Repondents.

(*Jackson,* April Term, 1959.)

Opinion filed October 2, 1959.

Thomas J. Griffin, Memphis, for petitioner.

Tom P. Mitchell and Shirley York Gaisser, Memphis, for respondents.

Mr. Justice Swepston delivered the opinion of the Court.

This suit was commenced by an original bill filed by Tom P. Mitchell, Conservator, in behalf of Julia Taylor to set aside a warranty deed executed in the year 1953

and delivered to the respondent, Irene Norman Moore, who place the same of record in the year 1958. The grounds for relief were fraud, undue influence and abuse of alleged confidential relationship existing between the parties.

Certain issues were made up and submitted to the jury. The verdict on same was approved by the Chancellor and the decree entered granting the relief sought.

This decree was affirmed by the Court of Appeals. As the case reaches this Court, there are only two assignments of error. The first is that the Court of Appeals erred in holding that it would not inquire into the preponderance of the proof, but would only consider the evidence in order to determine whether or not there was any material evidence to support the verdict of the jury.

It is insisted that this was error because the cause before that Court was an inherent equity proceeding, and that the rule that the appellate court will not review the evidence in cases tried to a jury and approved by the court does not prevail in this type of case.

The second assignment of error is that the Court of Appeals erred in holding that there was material evidence to support the verdict of the jury.

We think there is material evidence to support the verdict of the jury and the second assignment is overruled. We granted certiorari solely for the purpose of considering the first assignment of error.

Petitioner's insistence is grounded on the case of *Doughty v. Grills,* 1952, 37 Tenn.App. 63, 80, 260 S.W.2d 379, 386. That case, as is the instant case, was one of inherent equity jurisdiction. There was an original bill

for an injunction brought by the officials of the State Bar Association against ambulance chasers corraling legal claims against the railroads through representatives of a union, which claims were guided into the hands of certain attorneys in St. Louis, Missouri.

The Chancellor submitted certain issues of fact to the jury which answered them in favor of the defendants and the verdict of the jury was approved by the Chancellor and decree entered accordingly in favor of defendants. On appeal the Court of Appeals reversed on two grounds: (1) that, since the suit was one of inherent equity jurisdiction, there was no right to a jury trial in the first place under the 1932 Code, Sec. 10574 (T.C.A. sec. 21-1011); and (2) there was no issue to submit to the jury because the defendants admitted all of the material facts.

Said Code section reads as follows:

"*Right to trial by jury.*—Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, *as to such accounting,* and those *elsewhere excepted by law or by provisions of this Code,* and all the issues of fact in *any proper case* shall be submitted to one jury."

Another pertinent section is 1932 Code, Sec. 10579 (T.C.A. sec. 21-1016), which reads:

"*Trial of jury cases—Effect of findings.*—The trial shall be conducted like other jury trials at law, the finding of the jury having the same force and effect, and the court having the same power and control over the finding, as on such trials at law."

In view of the history of legislation in regard to jury trials in the Chancery Court and because of the construction in that case put upon the case of *Hunt v. Hunt*, 169 Tenn. 1, 80 S.W.2d 666, coupled with the fact that certiorari was denied by the Supreme Court, considerable confusion has existed among the members of the Bar as to the right to a jury trial in inherently equitable cases. There is also an implication in *Davis v. Mitchell*, 27 Tenn. App. 182, 196, 178 S.W.2d 889, to the same effect.

We, therefore, deem it advisable to attempt to put the matter at rest and hence the following comments.

There are two complementary discussions of the question in 7 Van.L.R., 299 and 393, which are referred to in the present Code and from which the respondents quote copiously in their brief.

Giving due credit to the above sources, we think it correct to say that prior to 1846 there was no right under the common law to a jury trial in the Chancery Court in this State. From that date until 1932 with the exception of a 3-year period, the right was made available to either party to a suit in Chancery without further express limitation. The Code of 1932 introduced the limiting provisions which we have italicized, supra, in the first section quoted. The above Law Review article in discussing this limitation on page 402 with reference to the complicated accounting states:

"While excepting from the right to jury trial complicated accounting, a limited portion of chancery's inherent equity jurisdiction, the legislature failed to except all other types of inherent equity jurisdiction. If the legislature had intended that all inherently equi-

table causes in chancery should be excepted from the right to jury trial it could have expressly so stated and set up complicated accounting as an example thereof. But the legislature evidenced an intention to except only those cases which involve 'complicated accounting' and those only 'as to such accounting'. It would appear incongruous to read into this limited exception an intent to except all inherently equitable causes from this statutory right to jury trial.''

Then on the same page the article discusses the troublesome phraseology ''elsewhere excepted by law or by the provision of this Code'', and stated that to hold that the phraseology means excepted by the ''common law'' is to exclude all cases of inherent equity jurisdiction from the right to jury trial. ''This the legislature implicitly refused to do in the first of these exception clauses.''

Then the author discusses the more troublesome phraseology ''elsewhere excepted by law or by the provisions of this Code''. The question is put whether this exception includes all of the common law and statutory exceptions to the right of jury trial not found in the Code, or is it limited to the statutory exceptions other than those found in the Code. If the former, then all cases of inherent equity jurisdiction are excluded from the right to a jury trial; but says the author, this the legislature implicitly refused to do in the first clause relating to complicated accounting. Furthermore it is aptly stated that to include all common law exceptions to the right of a jury trial is to virtually write the present statute off the books and to limit the right to a jury trial in chancery to its status prior to the original Act of 1846.

The author then points out that the Supreme Court even in an inherently equitable cause has not limited the right to a jury in the chancery court to its common law status; moreover that *Doughty v. Grills,* supra, carries too far any fair implications from *Hunt v. Hunt,* supra, because in that case, which was one to establish a parole trust in land, held, that though there was a right to a jury trial, the complainant must meet the same quantum of proof as would have been required in a trial before the chancellor without a jury—i. e., clear and convincing evidence, in order to entitle complainant to a verdict.

*Greenwood v. Maxey,* 1950, 190 Tenn. 599, 611, 231 S. W.2d 315, 320, so interpreted the Hunt case.

██ It is our conclusion, therefore, that the relevant ruling in *Doughty v. Grills,* supra, must be overruled; that only those cases are excepted from the above quoted Code sections which are expressly excepted by the provisions of the Code, and those statutory exceptions not found in the Code; and such as by their very nature must necessarily be deemed inappropriate and not a proper case to be submitted to a jury such as *Pass v. State,* 181 Tenn. 613, 184 S.W.2d 1 (a contempt proceeding for violation of an injunction), unless in such case express provision for a jury trial is made by statute; or cases of such a complicated and intricate nature involving mixed questions of law and fact not suitable for solution by a jury such as laches or estoppel. Gibson's Suits in Chancery, Vol. 1, secs. 578, 582.

The first assignment is also overruled and the judgment of the Court of Appeals is affirmed.