CHOCTAW, INC., Complainant-Appellee,

v.

Nate EVANS and Irving Evans d/b/a Evans Grading Company, Defendants-Appellants.

Court of Appeals of Tennessee,
Western Section.

Dec. 30, 1970.

Certiorari Denied by Supreme Court

April 5, 1971.

Shields & Levit, Henry M. Beaty, Jr., Memphis, for defendants-appellants.

Benjamin Goodman, Everett B. Gibson, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for complainant-appellee.

CARNEY, Presiding Judge.

The defendants-cross complainants below, Nate Evans and Irving Evans d/b/a Evans Grading Company, have appealed from a decree of $60,282.50 in favor of the

complainant-appellee, Choctaw, Inc. The case was tried to a jury in Chancery Court.

Complainant Choctaw, Inc., a corporation in Memphis, Tennessee, brought suit against the defendants, Nate Evans and Irving Evans, partners doing business under the style of Evans Grading Company, seeking to recover judgment in the amount of $66,032.50 plus interest and reasonable attorneys' fees for alleged breach of contract to pay for sewer pipe construction materials furnished the defendants on two sewer installation jobs in Shelby County, Tennessee. The defendants-appellants, Nate Evans and Irving Evans d/b/a Evans Grading Company, admitted the purchase of the sewer pipe and other construction materials at a total price of $66,032.50 but claimed set off against said account.

The defendants-appellants then assumed the attitude of cross-complainants and sought recovery from the original complainant, Choctaw, Inc., for damages in the amount of $85,000 because the pipe and supplies furnished by Choctaw were defective and failed to meet specifications of the City of Memphis relating to the sewer projects.

Choctaw filed an answer to the cross bill averring that the damages complained of by Evans Grading Company were the result of Evans failing to test the line of pipe before backfilling the sewer line and failing to obtain adequate testing equipment to perform tests of the pipe required by the City of Memphis specifications and failing to notify Choctaw of any difficulties with the pipe until several thousand feet of pipe had been laid and backfilled.

Choctaw demanded a jury to try the issues. The trial was had on oral testimony before a jury on October 29, 1969, and October 30, 1969. The issues of fact and the answers of the jury thereto are as follows:

"I. Did Choctaw fail to furnish to Evans Grading Company concrete pipe in compliance with the terms of the City of Memphis Capleville Outfall Sanitary Sewer contract?

Answer 'Yes' or 'No'  YES

II. If the answer to Issue No. 1 is 'Yes' then answer—Was Evans damaged thereby?

Answer 'Yes' or 'No'  YES

III. If the answer to Issue No. II is 'Yes' then answer: What damage did Evans Grading sustain which directly and proximately resulted from the failure of Choctaw, Inc. to supply the concrete pipe according to said contract?

Answer  $5,750.00

IV. Did Evans Grading Company fail to notify Choctaw, Inc. of any defect in the pipe within a reasonable time from its discovery or when it should have been discovered?

Answer 'Yes' or 'No'  YES"

His Honor the Chancellor allowed the defendants-appellants a setoff against the account of Choctaw for the damages assessed by the jury to-wit, $5,750. The Chancellor disallowed the complainant, Choctaw, any interest on the account and disallowed any attorneys' fees. He entered a net judgment of $60,282.50 from which the defendants-cross complainants, Evans and Evans, have appealed.

Appellants filed a motion for new trial containing three grounds:

(1) The court erred in propounding Issue No. IV to the jury. This ground was sustained by His Honor the Chancellor and resulted in the allowance of setoff for $7,570 damages assessed by the jury in favor of the appellants. (2) The verdict of the jury as to the amount of damages the defendants-cross complainants were entitled to recover is contrary to the weight and preponderance of the proof as to damages. (3) The court erred in overruling the cross complainants' motion for a

judgment notwithstanding the verdict of the jury.

Cross complainants-appellants have made four assignments of error in this cause:

"I. That the Learned Chancellor below erred in submitting to the jury the question of the amount of damages sustained by appellants as this sum was liquidated and only required mathematical computation.

II. That the Learned Chancellor below erred in not disregarding the finding of the jury as to the amount of damage since the sum of $5,750.00 was so menial and insignificant as to show a total lack of comprehension by the jury.

III. That the Learned Chancellor below erred in not sustaining the motion for a new trial when the verdict of the jury as to the amount of damages was contrary to the weight and preponderance of the proof and showed that the jury did not comprehend its function as to this issue.

IV. That the Learned Chancellor below erred in entering a final decree on the verdict of the jury in favor of appellees for the sum of $60,282.52 as the uncontradicted proof showed that appellants were entitled to a greater credit than the sum of $5,750.00."

Solicitors for appellants concede that there was material evidence to support the findings of the jury. However, they insist that the proof in support of the appellants' damages was highly technical and complicated; but it was uncontradicted and proved that the appellants were entitled to damages many times the amount found by the jury; and that because of the complicated and technical evidence, His Honor the Chancellor should have withdrawn Issues III and IV from the jury and should have made the computation himself. Further, they contend that in the alternative upon motion for new trial His Honor the Chancellor should have set aside the verdict, withdrawn Issues III and IV, and either ordered a reference to the Clerk & Master to ascertain damages or made a finding of damages based upon the uncontradicted proof of appellants' actual damages.

Upon this appeal the appellants insist that the court should grant them a new trial limited to a reference to ascertain the appellants' damages by way of set off. Appellants insist that His Honor the Chancellor failed to charge the jury with regard to what facts of damages were uncontroverted and undisputed and he allowed the jury to speculate and compromise beyond its constitutional function of considering all the evidence of damages and arriving at the correct damages to be awarded; that the nature of the verdict is so obscure that no person has been able to ascertain what elements of damage the jury considered in its deliberation.

Solicitors for appellants further insist that in cases of purely equitable nature such as cases involving complicated accounting, the Chancellor has wide latitude in withdrawing issues from a jury and has a duty not to submit to a jury questions involving accounting of a complicated nature, citing Hunt v. Hunt, 169 Tenn. 1, 80 S.W.2d 666; Doughty v. Grills, 37 Tenn. App. 63, 260 S.W.2d 379; Moore v. Mitchell, 205 Tenn. 591, 329 S.W.2d 821; Greene County Union Bank v. Miller, 18 Tenn.App. 239, 75 S.W.2d 49.

The case of Moore v. Mitchell, (1959), 205 Tenn. 591, 329 S.W.2d 821, cited and relied upon by appellants was a suit to set aside a deed for fraud, undue influence, and abuse of confidential relationship between the grantor and the grantee. It was tried before a jury in Chancery Court of Shelby County which found against the validity of the deed. Decree setting aside the deed was entered in the court below and the cause was appealed to this section of the Court of Appeals. The writer of this opinion wrote the opinion of the Court of Appeals affirming the decree of the lower

court on the grounds that there was material evidence to support the verdict of the jury. Our Tennessee Supreme Court granted certiorari and limited argument to the sole question of whether the Court of Appeals should have reviewed the evidence de novo under the provisions of T.C.A. Section 27–303 or whether we correctly reviewed the case as prescribed in T.C.A. Section 27–302.

In an opinion by the late and much lamented Justice John Swepston our Supreme Court expressly overruled the case of Doughty v. Grills, (1952), 37 Tenn.App. 63, 260 S.W.2d 379, and held that 1932 Code Section 10–574 (now T.C.A. Section 21–1011) changed the law relating to the trial by jury in Chancery Court and did not exclude all cases involving inherent equity jurisdiction. The Supreme Court affirmed the ruling of this court.

■ Appellants' cross bill to recover unliquidated damages resulting from the furnishing of defective pipe is not an inherently equitable proceeding. While the testimony relating to the damages sustained by the appellants was technical, complainant's claim for damages does not come within any of the exceptions from jury trials set out by Justice Swepston in Moore v. Mitchell, supra.

Even if the appellants' cross bill had come within the exceptions set out in Moore v. Mitchell the appellants' motion for a reference to the Clerk & Master to ascertain their damages comes too late. The appellants made no request for a reference in their pleadings and at no time during the course of the trial. In argument before the court upon the motion of Choctaw to withdraw from the jury the issue of the amount of Choctaw's claim against Evans Grading Company, solicitor for the defendants-appellants made the following statement:

"I respectfully submit the issue should go to the Jury regarding the facts about the pipe, and whether it was or wasn't defective, whether it meets the specifications, and what damages we are entitled to."

Appellants did not offer any special requests to be charged to the jury.

We are not cited to any evidence in the record contradicted, or uncontradicted, which shows the appellants to be entitled to any amount of damages in excess of the $5,750 awarded by the jury and approved by the Chancellor. See Rule 12. We agree with solicitors for appellee that the jury must have found that the appellants overstated the amount of their damages.

■ The appellants do not contend on this appeal that there was no material evidence to support the verdict of the jury and there is no assignment of error to said effect. In the absence of such assignment of error we must presume that there was material evidence to support the verdict of the jury and a judgment of the court based thereon will not be overturned. T.C.A. Section 27–302; Moore v. Mitchell, supra; and Schlickling v. Georgia Conference Association, 49 Tenn.App. 412, 355 S.W.2d 469.

We find no merit in any of the assignments of error and the judgment of the lower court is affirmed. The costs of this appeal are taxed to the appellants.

Chancellor Brooks McLemore sat by consent in place of Judge Nearn who recused himself.

MATHERNE, J., and McLEMORE, Special Judge, concur.