**John ASHE et al., Appellants,**

**v.**

**STATE of Tennessee ex rel. Thomas H. SHRIVER, District Attorney General, Appellee.**

Supreme Court of Tennessee.

Jan. 6, 1975.

Dan Garfinkle, Nashville, for appellants.

C. Hayes Cooney, Chief Deputy Atty. Gen., for appellee; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

OPINION

HARBISON, Justice.

This action was brought by the District Attorney General for Davidson County, Tennessee, on October 18, 1973 for the purpose of abating a public nuisance allegedly being conducted by the appellants. The action was filed pursuant to T.C.A. § 23–301 et seq., and was brought in the Chancery Court of Davidson County.

The appellants filed an answer to the complaint and incorporated therein a demand for trial by jury.

Prior to April 15, 1972 (the effective date of Chapter 565, Section 1(21), of the Public Acts of 1972), there was a broad statutory right of trial by a jury in equity proceedings in this state. T.C.A. § 21–1011 et seq.

The statutes so providing were expressly repealed by the 1972 Public Act above referred to.

There is no question but that prior to 1972, the defendant in an action to abate a public nuisance had a statutory right to a jury trial. State ex rel. Mynatt v. King, 137 Tenn. 17, 191 S.W. 352 (1916). In that case, referring to the statute which was subsequently codified as T.C.A. § 21–1011, the Court said:

"We do not hold that the customary option of a jury trial must be accorded under this act because of any right under the common law. That right does not relate to trials in equity courts." 137 Tenn. at 28, 191 S.W. at 354.

■■■ In view of the repeal of the statute, we hold that there is no longer a general statutory right to trial by jury in an action of an equitable nature. Of course, insofar as the chancery courts exercise concurrent jurisdiction with the circuit courts in law cases, or where the chancery court is authorized to try cases in which there is a constitutional or special statutory right to a jury trial, a jury may properly be demanded. The authority for trial by jury in such cases does not rest upon the repealed statute, but upon the constitution itself or upon special statutes governing particular kinds of cases.[1]

It is insisted by appellants, however, that the language of Rule 38 of the Tennessee Rules of Civil Procedure, which became effective on January 1, 1971, has the effect of preserving the right of trial by jury as it existed on the effective date of the Rules. Rule 38.01 states:

"The right of trial by jury as declared by the Constitution or existing laws of the state of Tennessee shall be preserved to the parties inviolate."

■■■ It is stated in the Committee Comment to this Rule that the Rules of Civil Procedure were not designed or intended to abridge any constitutional or statutory rights to jury trial, since these rights were deemed to be matters of substantive law and not merely procedural. The Rules themselves do not purport to be a separate source or authority for the right to jury trial, since they are only procedural in nature. T.C.A. § 16–113.

It was clearly the intention of the Advisory Committee in drafting the Rules, and of this Court and of the General Assembly in adopting them, to leave to the General Assembly or to constitutional law the questions of when and whether there exists a right to a jury trial. The Rules simply undertake to set out the procedures for demanding a jury where the right to jury trial exists.

The insistence of appellants, therefore, that their right to jury trial was in some manner preserved by Rule 38 from and after the effective date of the repeal of T.C.A. § 21–1011 is without merit.

The Chancellor correctly held that there no longer exists a general statutory right to trial by a jury in cases of a purely equitable nature. He disallowed the jury demand in the present case but permitted a discretionary appeal pursuant to T.C.A. § 27–305. We agree with his conclusions, and the judgment of the Chancery Court is affirmed at the cost of the appellants.

The cause will be remanded to the Chancery Court for further proceedings.

FONES, C. J., and COOPER, HENRY and BROCK, JJ., concur.

---

1. *E. g.*, T.C.A. § 36–812 authorizes jury trials in divorce actions.