Jimmy WELCH, Appellee,

v.

T. F. C. MARKETING SERVICE, INC., Appellant.

Court of Appeals of Tennessee, Western Section.

March 1, 1977.

Certiorari Denied by Supreme Court Aug. 1, 1977.

Rondal T. Wilson, Shelbyville, for appellant.

Lyle Reid, Brownsville, for appellee.

NEARN, Judge.

This is a suit between the farmer and the mill over a soybean contract.

In June of 1972, Jimmy Welch, the farmer, entered into an agreement with T.F.C. Marketing Service, Inc., the mill, to deliver soybeans at a future date. A dispute arose between the parties and the farmer filed a complaint in the Chancery Court of Haywood County for a determination of the rights of the parties under the contract, a declaration that plaintiff had no further liability thereunder and to enjoin defendant from undertaking to assert any claim or right against plaintiff with reference thereto.

The mill filed its answer which denied certain factual allegations, and coupled with that answer a counter-claim for the amount due for an alleged breach of the contract caused by the failure of the farmer to deliver the amount of beans for which he contracted.

The farmer demanded a jury to try the issues of fact.

Issues of fact were submitted to the jury. The answers made by the jury to the factual issues were all contrary to the position taken by the farmer. Judgment was accordingly entered in favor of the mill for $5,086.80.

A motion for a new trial was made by the farmer. Upon the hearing of the motion the Chancellor granted a new trial and simultaneously withdrew the issues from the jury and ordered judgment entered for the defendant. In pertinent part the order provides:

"WHEREUPON, The Court, upon its initiative and *with consent* of the parties, withdrew the case from further trial by jury, and the Court, having heard and considered the evidence, enters judgment for the defendant and against the plaintiff on Defendant's counter-claim in the

sum of Fourteen Hundred Forty-Four and $^{40}/_{100}$ ($1,444.40) Dollars, for which execution may issue, to which action the parties excepted and prayed and hereby are granted appeals to the Court of Appeals at Jackson.—" (Emphasis ours)

The mill appeals and while admitting that a Trial Judge has the right to grant a new trial if not satisfied with the verdict, it is charged that a Trial Judge does not have the right to act as a jury in that new trial; and the Chancellor erred in deciding the case instead of ordering a new trial before a new jury as the appellant never waived or intended to waive a jury on the new trial.

The farmer, in response to the Assignment of Error, contends counsel for the mill has waived a new trial before a jury. Also, the farmer appeals and charges the Chancellor with error in the amount of the verdict. It is contended that the Chancellor had the right to enter a verdict *sans* jury; but it is insisted that such should have been less than $1,444.40. To be exact, it should have been for zero.

The order before set out was not approved for entry by either counsel and bears the pen written notation "Entered without attys signature."

The Bill of Exceptions reveals that the following occurred after the motion for a new trial was argued:

"THE COURT: Gentlemen, you know, I have never set aside the verdict of a jury and I have never granted a new trial and this is one time I am going to grant a new trial.

"I think the jury did try to split the difference, I really think it should have been December the 15th or should have been May, it shouldn't have been March. I believe that they did try to in all fairness as in a condemnation suit, they tried to split the difference.

"Now, do you want me to set aside the verdict of the jury, do you gentlemen want to do that or do you want to try it again?

"MR. WILSON: No, sir, I think that this case has been fully tried and I think to set aside the verdict of the jury on the

grounds that have been assigned has to say that neither of the three of us knew what we were doing when we submitted the issues to them.

"MR. REID: I avoided any response to that argument in my closing argument for the simple reason that I don't think it is a proper argument, the issues that were submitted to the jury are ultimately the court's issues, the Court has to approve them.

"THE COURT: The court would not in all due respect have submitted the same issues in a jury trial that they have submitted back to try this lawsuit.

"MR. REID: No, sir, there would be three.

"MR. WILSON: The same three that I wanted the first time.

"MR. REID: These were drawn late one night after having been in court for—

"THE COURT: And we have learned a little bit more about soybeans and cotton, I am going to set aside the verdict of the jury and I am going to set—I will also enter a judgment that the breach of contract was as of December 15, 1973, and measure of damages should be computed as of that date—that the extensions submitted and signed by T.F.C. and Jimmy Welch, I would say that they were to some extent ambiguous and that Jimmy Welch did not know what he was signing at that time and was not advised as to what he was signing and consequently I believe under case law at the present time that the damages should be set as of December the 15th.

"MR. WILSON: Is the court—are you granting a new trial or are you—

"THE COURT: I am going to set aside the verdict of the jury and set the measure of damages as of December the 15th.

"MR. WILSON: Note our exceptions. If that is the Court's ruling then I have no choice but to appeal it."

We presume that Court and counsel for appellee took Mr. Wilson's negative response to its two-pronged question concern-

ing setting aside the jury verdict and trying the case again as a waiver of a jury trial. Mr. Wilson did not so consider it and neither do we.

It must be remembered that prior to the motion for a new trial, Mr. Wilson's client, the mill, had received everything it desired from the jury. The last thing in the world Mr. Wilson wanted was to have the verdict set aside. Counsel wanted neither a new trial nor a setting aside of the verdict. As soon as the Chancellor completed his statement regarding his intention to set aside the verdict *and* to himself enter judgment, the consternation of counsel is immediately evident from the record, along with his exception to the ruling.

■ We therefore hold there was no waiver of a jury on the new trial and no consent given for the Chancellor to adjudge the issues without jury intervention.

■ The suit was tried as a breach of contract matter and as such is of a non-equitable nature. The right to a jury determination of factual issues in such matters has been set out in *Hurt v. Earnhart* (1976 Tenn.App., W.S.) 539 S.W.2d 133 as follows:

"The rule in cases of a non-equitable nature tried in the Chancery Court is that a party, as a matter of right, may demand a jury to try issues of fact, and the verdict of a jury so demanded has all the weight and effect of a verdict at law. *The Trial Judge may reject it in his capacity as thirteenth juror, but such rejection leads to a new trial with a new jury—not a substituted verdict by the Chancellor.* In such cases on appeal, just as the Trial Court could not, we cannot substitute our judgment of the facts for that of the jury, but must review only to see if there are any material facts to support the verdict of the jury. *State Ex Rel. Webster v. Daugherty,* supra [Tenn. App., 530 S.W.2d 81]; *Ashe v. State Ex Rel. Shriver,* supra [Tenn., 518 S.W.2d 360]."

■ The fact that in this case the jury was initially demanded by plaintiff, who does not now complain of the Chancellor acting without a jury, is a fact of no distinction. See Rule 38.05 T.R.C.P.

The result is that the Assignment of Error addressed to the Chancellor's action in withdrawing the issue from a jury is sustained. We do not reach the other Assignments of Error.

The decree below is reversed and the cause remanded for a new trial.

Costs of appeal are adjudged equally between the parties and costs below will await the outcome of the new trial.

So order.

Honorable W. E. Quick, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. Carney.

Done at Jackson in the two hundred and first year of our Independence and in the one hundred and eighty-second year of our Statehood.

MATHERNE, J., and QUICK, Special J., concur.