STATE of Tennessee, Williamson County, District Attorney General Joe Baugh, Appellant,

v.

Deaver HARTLEY, Appellee.

Supreme Court of Tennessee, at Nashville.

May 29, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Kimberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, for appellant.

Charles C. Morrow, Morrow and Associates, Nashville, for appellee.

OPINION

COOPER, Justice.

This is an appeal from a judgment of the Court of Appeals reversing the trial court's decree that defendant's dog be destroyed. *See* T.C.A. § 44–17–120. The Court of Appeals held that there was no material evidence to support the trial judge's order, and that the entry of judgment without evidence was a denial of due process. The court also held that the trial court erred in denying defendant a jury trial, as requested. The appellant questions only the holding that the defendant was entitled to a jury trial. We agree with appellant that the defendant was not entitled to a jury trial. However, we concur in the holding of the Court of Appeals that there is no evidentiary basis for ordering the destruction of defendant's dog.

Tennessee Code Annotated Section 44–17–120 provides for the destruction of a dog which attacks a human and thereby causes death or serious injury, and reads as follows:

**44–17–120. Destruction of dog causing death or serious injury to human—Notice to dog's owner.**—Any dog which attacks a human and thereby causes death or serious injury may be destroyed upon the order of the judge of the circuit court of the county wherein the attack occurred. Such orders shall be granted on the petition of the district attorney for the county. The petition shall name the owner of the dog, and the owner shall be given notice as in civil cases, that if he does not appear before the court within five (5) days of the receipt thereof and show cause why the dog should not be destroyed, then the order shall issue and the dog shall be destroyed.

The District Attorney filed a petition under the above act, stating in summary: 14. It is the contention of the Williamson County Administrator of Rabies Control, Millard West, that the dog, Pee Wee, owned by Denver Hartley and described as a German Shepherd, is a dog running at large, a dog which does not have a rabies tag pursuant to law or have any papers showing that it has been vaccinated against rabies pursuant to law and asserts that this is a dog that has caused serious injury to humans. The District Attorney now petitions the court to have the dog destroyed.

The oath to the petition was on "information and belief." Despite this, the trial court issued a show cause order commanding the defendant to appear in five days to show cause why his dog should not be destroyed.

The defendant filed an answer putting all material facts at issue, and demanded a jury trial to determine the truth of the charges.

The trial court denied the jury trial. When the defendant elected to stand on his answer and demand, the trial court entered judgment ordering the destruction of "Pee Wee."

■ The control of property in dogs is entirely within the police power of the state owing to the tendency of such animals to revert to their savage state and become a public menace and their susceptibility to rabies. *Darnell v. Shapard,* 156 Tenn. 544, 3 S.W.2d 661, 665 (1928); *State v. Anderson,* 144 Tenn. 564, 234 S.W. 768, 19 A.L.R. 180 (1920); *Ponder v. State,* 141 Tenn. 481, 212 S.W. 417 (1919). Where statutory provision is made for the summary destruction of dogs kept in violation of law, such regulations are within the power of the legislature, no matter how stringent the regulations, or how summary the proceedings. *See Darnell v. Shapard, supra.*

Acting under the police power of the state, the legislature through T.C.A. § 44–17–120 seeks to protect the public against attacks by a vicious or rabid dog by providing a summary procedure for the destruction of such an animal; yet, at the same time, seeks to give the owner a reasonable opportunity to test the validity of the order of destruction. This is done by issuance of a "show cause" order based upon a petition filed by the district attorney general setting forth facts that are a proper basis for the issuance of such an order. The defendant is given five days to appear and show cause why the order for destruction of his dog should not be carried out. Implicit in the use of the "show cause" procedure is that fact issues will be determined in a bench trial; otherwise, the summary nature of the proceeding would be defeated and the public would be exposed to danger for a longer period than that decreed by the legislature.

■ Defendant insists that the use of a bench trial to decide issues affecting his property interest in his dog deprives him of the right to a jury trial granted by Article 1, Section 6 of the Tennessee Constitution, and also provided by T.C.A. § 21–1–103. We disagree.

Article 1, Section 6 of the Tennessee Constitution provides:

That the right of trial by jury shall remain inviolate, ...

■ This guarantee refers to common law actions and not to suits of an equitable nature, and preserves the right of trial by jury as that right existed at common law. *See State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d

803 (1968); *Willard v. State*, 174 Tenn. 642, 130 S.W.2d 99 (1939); *Hunt v. Hunt*, 169 Tenn. 1, 80 S.W.2d 666 (1935); *Memphis & Shelby County Bar Ass'n v. Vick*, 40 Tenn.App. 206, 290 S.W.2d 871 (1955).

T.C.A. § 44–17–120 is a civil statute providing for the destruction of a vicious or rabid dog in the interest of public safety, and proceedings under the act are equitable, or remedial in nature. We have not been cited to any authority indicating that such proceedings were triable by a jury at common law, nor have we been able to find any authority to this effect.

T.C.A. § 21–1–103, relied upon by defendant as authority for a jury trial in these proceedings, provides in material part that:

> Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, as to such accounting, and those elsewhere excepted by law or by provisions of this Code, . . . .

This statute has been interpreted to extend the right to a trial by jury to cases of a purely equitable nature. *Moore v. Mitchell*, 205 Tenn. 591, 595, 329 S.W.2d 821, 823 (1959). And, as is pointed out in *Smith County Educ. Ass'n v. Anderson*, 676 S.W.2d 328 (Tenn.1984),

> . . . "only those cases are excepted from the above quoted Code sections which are expressly excepted by the provisions of the Code, and those statutory exceptions not found in the Code; and such as by their very nature must necessarily be deemed inappropriate and not a proper case to be submitted to a jury such as *Pass v. State*, 181 Tenn. 613, 184 S.W.2d 1 [1944] (a contempt proceeding for violation of an injunction), unless in such case express provision for a jury trial is made by statute; or cases of such a complicated and intricate nature involving mixed questions of law and fact not suitable for solution by a jury such as laches or estoppel."

T.C.A. § 44–17–120 does not specifically call for issues of fact to be resolved in a bench trial; however, it is our opinion that a summary action for the destruction of a vicious or rabid dog falls into the category of cases that by their nature must necessarily be deemed inappropriate and not a proper case to be decided by a jury. It is an action taken under the police power of the state to protect the general public, and calls for resolution in the shortest possible time. Further, the procedure the legislature directs the court to follow is the same procedure used in resolving contempt matters, nuisances, and the like, which have been traditionally resolved in bench trials.

▮ As heretofore noted, the show cause order in this case was issued upon a petition filed by the district attorney general of the county wherein the alleged dog attack occurred. The affidavit to the petition was based on "information and belief," not on personal knowledge, and there is nothing in the petition to indicate that the affiant was competent to testify to any of the facts set forth in the petition. While such an affidavit may be sufficient to justify the issuance of a show cause order, standing alone it is not evidence to justify summary action by the trial court. *See generally* Rule 56.05 of the Tennessee Rules of Civil Procedure. In circumstances where the show cause order is issued on an oath based on "information and belief," to satisfy the requirements of due process, the trial court should require the district attorney general to present evidence making out a prima facie case for the destruction of the dog that is the subject of the petition, in accordance with the requirements of the statute. If the dog owner is then unable to prove that the elements of T.C.A. § 44–17–120 have not been established by a preponderance of the evidence, an order authorizing destruction of the dog should issue. This was not done in the case under consideration; and, consequently, the record is devoid of evidence supporting the trial judge's order that defendant's dog be destroyed.

The judgment of the Court of Appeals reversing the order calling for destruction of the defendant's dog is affirmed. An order will be entered in this court dismissing, without prejudice, the petition filed by the district attorney general. Costs of the

cause will be paid by the State of Tennessee.

DROWOTA, C.J., and FONES, HARBISON, and O'BRIEN, JJ., concur.