MOBILE LIVING, INC.,      )
                          )

      Plaintiff/Appellee,      )      Appeal No.
                          )      01-A-01-9809-CH-00466
v.                      )
                          )      Davidson Chancery
J. MICHAEL TOMLIN and      )      No. 96-1274-I
AUBREY EARL GREGORY,      )
                          )
      Defendants/Appellants.      )

**FILED**

August 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

DAVID MURRAY SMYTHE
114 Second Avenue North
Second Floor
Nashville, Tennessee 37201
      ATTORNEY FOR PLAINTIFF/APPELLEE

STEVE NORTH
MARK NORTH
1215 Gallatin Pike, South
Madison, Tennessee 37115
      ATTORNEYS FOR DEFENDANTS/APPELLANTS

REVERSED AND REMANDED

WILLIAM B. CAIN, JUDGE

# O P I N I O N

This case is before the court on interlocutory appeal from the Chancery Court of Davidson County under Tennessee Rules of Appellate Procedure Rule 9.

The trial court order granting the interlocutory appeal presents a single issue: "1. Whether the defendant Gregory's affirmative defenses of waiver, laches and estoppel, abandonment, and breach of duty of good faith and fair dealing are matters of law to be decided by the court and not material facts in dispute, which would be decided by the jury in the case."

In the same order granting defendant Gregory's application under Rule 9, the trial court had held: "... that the affirmative defenses of waiver, laches and estoppel, abandonment and breach of the duty of good faith and fair dealing are legal issues which are to be decided by the court and not disputed issues of material fact which are to be decided by the jury."

This court entered an order on September 18, 1998 providing in part: "Having reviewed both the defendants' application and the plaintiff's response, we concur with the trial court that an interlocutory appeal will prevent needless, expensive and protracted litigation."

We find that the affirmative defenses of waiver, laches and estoppel, abandonment, and breach of the duty of good faith and fair dealing present factual issues under Tennessee Code Annotated section 21-1-103 and that the trial court erred in ruling otherwise.

On August 15, 1990, Michael Tomlin executed a promissory note payable to Sovran Bank in the principal amount of $64,307.64. Defendant, Aubrey Earl Gregory, was a co-signer of this note. Sovran Bank later merged into Nationsbank of Tennessee, N.A.

2

After its balloon maturity on August 15, 1991, this note, along with several other unrelated matured notes held by Nationsbank, was sold without recourse, warranty or any representation whatsoever to plaintiff, Mobile Living, Inc. It was stipulated that plaintiff is not a holder in due course. Process was never served upon Michael Tomlin, the maker of the note, and he is no longer a party to this case. Service of process on the co-signer defendant, Aubrey Gregory, was effected, and in due course he answered the complaint raising, among other defenses, the affirmative defenses which are the subject of this interlocutory appeal.

## I. JURY TRIALS IN CHANCERY COURT

Such confusion as existed relative to the meaning of Tennessee Code Annotated section 21-1-103 was essentially allayed by the supreme court in *Moore v. Mitchell*, 205 Tenn. 591, 329 S.W.2d 821 (1959) and *Smith County Educ. Ass'n v. Anderson*, 676 S.W.2d 328 (Tenn. 1984).

A good starting place is *Doughty v. Grills*, 37 Tenn. App. 63, 260 S.W.2d 379 (1952), where the Court of Appeals relying on *Hunt v. Hunt*, 169 Tenn. 1, 80 S.W.2d 666 construing section 10574 of the 1932 code (the mirror image predecessor of T.C.A. 21-1-103) held:

> ... In other words, as we read the decision in the Hunt case, by virtue of the language, "elsewhere excepted by law or by provisions of this Code", appearing in Code Section 10574, it is meant to exclude from the operation of that section not only those cases expressly excluded by some other provision of the Code, but suits in which under the common law a litigant was not entitled to a jury as a matter of right. This means that cases of purely equitable cognizance falling under the inherent jurisdiction of the chancery court are excepted because there was no right at common law to a jury trial in an equity case. Marler v. Wear, 117 Tenn. 244, 96 S.W. 447; Greene County Union Bank v. Miller, 18 Tenn. App. 239, 75 S.W.2d 49.
>
> The present suit being one of that type, there was neither a constitutional right nor a statutory right to a trial by jury; and hence the rules applicable in courts of equity, independent of the statute and the constitution, govern.
>
> Where this is the case, the verdict is not binding on the chancellor, but advisory only. The responsibility of deciding the facts as well as the law is upon him. He may set the verdict aside, and order a new trial, or disregard it entirely, deciding the facts as

though the issues had not been submitted to a jury; or he may give it such weight as it merits, approving it in whole or in part.

37 Tenn. App. 81-82, 260 S.W.2d at 387 (Tenn. App. 1952).

This holding prompted the supreme court seven years later to revisit the effect of the statute as it applied to cases of inherently equitable nature. In overruling *Doughty v. Grills*, 260 S.W.2d 379 (Tenn. App. 1952), the supreme court observed:

> In view of the history of legislation in regard to jury trials in the Chancery Court and because of the construction in that case put upon the case of *Hunt v. Hunt*, 169 Tenn. 1, 80 S.W.2d 666, coupled with the fact that certiorari was denied by the Supreme Court, considerable confusion has existed among the members of the Bar as to the right to a jury trial in inherently equitable cases. There is also an implication in Davis v. Mitchell, 27 Tenn. App. 182, 196, 178 S.W.2d 889, to the same effect.
> We, therefore, deem it advisable to attempt to put the matter at rest ... .

*Moore v. Mitchell*, 205 Tenn. 591, 595, 329 S.W.2d 821, 822-23 (1959).

Quoting from 7 Vanderbilt Law Review page 402 the court then observed:

> While excepting from the right to jury trial complicated accounting, a limited portion of chancery's inherent equity jurisdiction, the legislature failed to except all other types of inherent equity jurisdiction. If the legislature had intended that all inherently equitable causes in chancery should be excepted from the right to jury trial it could have expressly so stated and set up complicated accounting as an example thereof. But the legislature evidenced an intention to except only those cases which involve 'complicated accounting' and those only 'as to such accounting'. It would appear incongruous to read into this limited exception an intent to except all inherently equitable causes from this statutory right to jury trial.

205 Tenn. 595-6, 329 S.W.2d at 823.

On January 26, 1970, the supreme court approved, pursuant to Tennessee Code Annotated section 16-112 through Tennessee Code Annotated section 16-

4

118, the Tennessee Rules of Civil Procedure, which were then approved by the General Assembly and signed by the Governor to take effect January 1, 1971.

Chapter 565 of the Public Acts of 1972 became effective on April 15, 1972. By this act, the General Assembly sought to specifically repeal sections of Tennessee Code Annotated deemed to be inconsistent with the Tennessee Rules of Civil Procedure. Section 1(21) of this Act provided for specific repeal of "... sections 21-1001 through 21-1016 and section 21-1020, dealing with trials and evidence in chancery court."

Tennessee Code Annotated section 21-1011 was a verbatim recodification of section 10574 of the Code of 1932. So it was that after April 15, 1972, there existed no statutory right to trial by jury in purely equitable cases. The difficulty was quick to manifest itself when on October 18, 1973, the District Attorney General for Davidson County, sought by chancery proceeding to abate a public nuisance and the defendant demanded a jury trial. The supreme court, on January 6, 1975, issued its opinion in *Ashe v. State ex rel. Shriver*, 518 S.W.2d 360 (Tenn. 1975). The court held:

> Prior to April 15, 1972 (the effective date of Chapter 565, Section 1(21), of the Public Acts of 1972), there was a broad statutory right of trial by a jury in equity proceedings in this state. T.C.A. § 21-1011 et seq.
> The statutes so providing were expressly repealed by the 1972 Public Act above referred to.
> There is no question but that prior to 1972, the defendant in an action to abate a public nuisance had a statutory right to a jury trial. State ex rel. Mynatt v. King, 137 Tenn. 17, 191 S.W. 352 (1916). In that case, referring to the statute which was subsequently codified as T.C.A. § 21-1011, the Court said:
> > "We do not hold that the customary option of a jury trial must be accorded under this act because of any right under the common law. That right does not relate to trials in equity courts." 137 Tenn. at 28, 191 S.W. at 354.
> In view of the repeal of the statute, we hold that there is no longer a general statutory right to trial by jury in an action of an equitable nature. Of course, insofar as the chancery courts exercise concurrent jurisdiction with the circuit courts in law cases, or where the chancery court is authorized to try cases in which there is a constitutional or special statutory right to a jury trial, a jury may properly be demanded. The authority for trial by jury in such cases does not rest upon the repealed statute, but upon the

5

> constitution itself or upon special statutes governing particular kinds of cases.
>
> \*\*\*
>
> The Chancellor correctly held that there no longer exists a general statutory right to trial by jury in cases of a purely equitable nature.

*Ashe v. State ex rel. Shriver*, 518 S.W.2d 360, 361 (Tenn. 1975) (footnote omitted).

The General Assembly quickly responded with Chapter 436 of the Public Acts of 1976 which was a verbatim reenactment of what had been Tennessee Code Annotated section 21-1011 with the reenactment of 1976 now codified as Tennessee Code Annotated section 21-1-103.

Such was the state of the law when *Smith County Educ. Ass'n v. Anderson* came before this court. In that case the chancellor, on January 3, 1983, held that the jury verdict was advisory only because of the inherently equitable nature of the relief sought. On appeal, this court affirmed the chancellor reasoning that while Chapter 436 of the Public Acts of 1976 had reenacted the statute now codified as Tennessee Code Annotated section 21-1-103, no act of the General Assembly had sought to reenact former Tennessee Code Annotated section 21-1016 which was among the code sections repealed by Chapter 565 of the Public Acts of 1972. This repealed section 21-1016 had provided: "The trial shall be conducted like other trials at law, the finding of the jury having the same force and effect and the court having the same power and control over the finding, as on such trials at law."

This court reasoned that without the reenactment of former section 21-1016 mandating the effect of a jury verdict in chancery, the law of Tennessee reverted as held in *State ex rel. Webster v. Daugherty*, 530 S.W.2d 81 (Tenn. Ct. App. 1975) to pre-1846 status and that the verdict of the jury in suits of a purely

equitable nature was advisory only and not binding upon the chancellor.[1]

The Supreme Court granted an application to appeal in the *Smith County Educ. Ass'n* case and issued its opinion on August 20, 1984, reversing the court of appeals and holding in part:

> The Court of Appeals concluded that because the Legislature failed to enact the statutes describing the effect of the jury verdict in chancery court, the verdict is advisory in cases involving equitable issues. The Court went on to find that the remedies created by the Open Meetings Act and the EPNA are equitable rather than legal; accordingly, the jury verdict provided in T.C.A. § 21-1-103 is advisory only. We disagree.
>
> In passing Chapter 436 of the Public Acts of 1976, the Legislature clearly intended to restore the law as it existed prior to the enactment of our present Rules of Civil Procedure. Senator Oehmig, the sponsor of the Senate bill which became Chapter 436 of the Public Acts of 1976, made the following remarks when the bill was before the Senate on its third and final reading:
>
>> In 1972 when we adopted Rules of Civil Procedure, there were certain code sections that were repealed and this was one of them and it was felt that the present rules do not cover this situation of jury trials in Chancery and *this just puts back the old law into effect.* (Emphasis added.)
>
> Clearly, the Legislature intended to re-establish the previous law and give a broad right to trial by jury. We conclude that the Chancellor was in error in taking the verdict from the jury and deciding the issues himself. Therefore, we reverse the Court of Appeals' determination that the jury verdict was advisory only.

*Smith County Educ. Ass'n v. Anderson*, 676 S.W.2d 328, 337 (Tenn. 1984).

*Smith County Educ. Ass'n* would seem to have permanently settled the question of the right to a jury trial in chancery cases of a purely equitable nature. Of more compelling significance in this case, we are dealing with affirmative defenses of an equitable nature rather than a complaint asserting a purely equitable claim. It would be a strange anomaly if a plaintiff, by choosing a chancery forum rather than a circuit forum to assert a common law claim for the collection of a promissory note could, by choice of forum alone, bar the defendant from asserting equitable defenses to a jury. In this respect, it is well to note *TCB Corp. v. Gene Wall*, 955 S.W.2d 838 (Tenn. Ct. App. 1997) issued

---

[1]The legislature in 1846 had passed the first legislative enactment providing any right to trial by jury in chancery court.

by the Western Section of the Court of Appeals on March 7, 1997, with application for permission to appeal denied by the supreme court on September 15, 1997. In this case plaintiff sought recovery on personal guarantees signed by the defendants. By way of affirmative defenses, defendants asserted release, waiver, abandonment and estoppel. In footnote, the Court of Appeals disclosed:

> While not an issue in this case, the chancellor entered an order denying the jury demand as well as denying the Wall's request for permission to seek an interlocutory appeal. This court subsequently entered an order granting the interlocutory appeal and reversed the chancellor's order denying the Wall's request for a jury.

955 S.W.2d 838, 839 (footnote 2).

It is further noted that in the recent case of *Ingram v. Earthman*, issued by this court October 21, 1998, the issue of estoppel to rely on the statute of limitations was tried by jury in Davidson County Chancery. *Ingram v. Earthman*, Appeal No. 01A01-9510-CH-00439, 1998 WL 730192, perm. app. denied Mar. 22, 1999, reh. denied June 7, 1999.

In the case at bar, the defendant is entitled to a jury trial on his affirmative defenses of waiver, laches, estoppel, abandonment and breach of duty of good faith and fair dealing. The form in which the issues of fact underlying these affirmative defenses is submitted to the jury is left to the judgment of the chancellor.

Appellant seeks to have this court review the actions of the chancellor in two evidentiary rulings, first being the authentication and ownership of the original note and secondly a ruling of the chancellor under Rule 403 of the Rules of Evidence that the consideration paid by Mobile Living, Inc. to Nationsbank in the purchase of the note in issue is not relevant and that the probative value of such evidence to the defendant was substantially outweighed by the danger of unfair prejudice to the plaintiff. These issues are not within the scope of the Rule 9 application made by the defendant and granted by both the trial court and this court. We decline to rule on such issues at this time and

8

confine our rulings to the issue made under the Rule 9 application.

The judgment of the trial court denying the defendant a jury trial on his affirmative defenses of waiver, estoppel and laches, abandonment, and breach of the duty of good faith and fair dealing is reversed and the case is remanded to the trial court for further proceedings. This ruling is without prejudice to the rights of either party to file such further pre-trial or post-trial motions as they may choose. Costs of the appeal are assessed against the Appellee.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE