IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 2000 Session

## MARCINA CLARK v. NATHAN CROW

**Interlocutory Appeal from the Circuit Court for Davidson County**
**No. 98D-2049 and 99D-1317     Marietta Shipley, Judge**

---

**No. M1999-00916-COA-R9-CV - Filed July 28, 2000**

---

We grant this interlocutory appeal to consider a question of first impression regarding whether there is a right to jury trial prior to the issuance of an order of protection pursuant to Tennessee Code Annotated section 36-3-605, (hereinafter "order of protection"). Specifically, we are asked to determine whether a party against whom an order of protection is sought is entitled to a jury trial as a matter of right before this order is issued. After reviewing Tennessee's constitutional and statutory guarantees to a jury trial, we have determined that there is no right to a jury trial prior to the issuance of an order of protection. The circuit court's decision is affirmed and remanded for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and PATRICIA J. COTTRELL, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Nathan Crow.

Jeffrey L. Levy, Nashville, Tennessee, for the appellee, Marcina Clark.

### OPINION

I

This interlocutory appeal results from the trial court's refusal to grant Respondent a jury trial prior to the issuance of an order of protection. Petitioner/Appellee Marcina Clark ("Ms. Clark") originally filed a Petition for Orders of Protection with the General Sessions Court for Davidson County on 9 July 1998, which court issued the Ex Parte Order of Protection on that same date. Respondent/Appellant Nathaniel Crow ("Mr. Crow") subsequently filed Respondent's Demand for Trial by Jury and Application for Removal of Action to Circuit Court. This matter was then transferred to the Second Circuit Court of Davidson County on 9 July 1998; however, there were no

legal proceedings following the transfer. Ms. Clark then sought a second order of protection on 28 April 1999 in the Second Circuit Court of Davidson County, Tennessee. Mr. Crow filed an answer and counter-claim for damages wherein he requested a jury trial prior to the issuance of the Order of Protection. Upon motion by Ms. Clark, the lower court consolidated these two cases.

A hearing was held on 27 May 1999 regarding Ms. Clark's petitions for orders of protection and Mr. Crow's demand for a jury trial. The lower court denied Mr. Crow a jury trial finding that the legislature did not intend to provide a right to trial by jury prior to the issuance of an order of protection. The court held that the legislature did not elect to make specific provision for a jury trial in Tennessee Code Annotated sections 36-3-601 to 36-3-621 ("the Domestic Abuse Act") and that "the general right to a jury trial in chancery matters, as contained in the Tennessee Code Annotated section 21-1-103, does not apply and Respondent's prayer for a jury trial is respectfully denied." The existing Order of Protection granted to Ms. Clark was also continued in full force until final resolution of this matter.

Thereafter, Respondent, Mr. Crow, made a motion pursuant to Tennessee Rules of Appellate Procedure 9 for an interlocutory appeal of the circuit court's ruling. An Order of Interlocutory Appeal was issued by the circuit court and the request for interlocutory appeal was thereafter granted by the Court of Appeals.

II.

The sole issue to be decided in this matter is whether Tennessee state law provides for the right to a jury trial prior to granting an order of protection issued under the Domestic Abuse Act. Both parties have correctly agreed that there is no constitutional right to a trial by jury in this matter and that any right to a jury trial must be provided for by statute. It is also undisputed that in equity a jury trial must be provided for by statute, as there is no constitutional guarantee of a trial by jury for cases sounding in equity. *Third Nat'l. Bank v. American Equitable Ins. Co.*, 27 Tenn. App. 249, 178 S.W.2d 915, 919 (1943). However, it is urged by Respondent, Mr. Crow, that this matter falls under Tennessee Code Annotated section 21-1-103 which provides for a right to jury trial in proceedings of equity. Upon review of this statute, as well as the language of the Domestic Abuse Act and the legislative intent in enacting the Domestic Abuse Act, we find that the Domestic Abuse Act is "excepted by law or by provision of this Code," and, thus, is outside the statutory right to a jury trial. Tenn. Code Ann. § 21-1-103 (1994).

A summary of the right in the State of Tennessee to have a case tried by jury can be found in *Jones v. Green*, 946 S.W.2d 817 (Tenn. Ct. App. 1996).

> Tenn. Const. art. I, § 6 guarantees the right to a jury trial as it existed at common law when the Tennessee Constitution of 1796 was adopted.

> Tenn. Const. art. I, § 6 does not guarantee a jury trial in every sort of case. It does not apply to cases that could be tried without a jury prior to 1796. . . . The common

law did not require a jury trial in equitable proceedings, proceedings in which there were no disputed factual issues, proceedings for the punishment of small offenses, or paternity proceedings.

The common law also did not require a trial by jury in "summary proceedings." A summary proceeding is one that is more speedy and informal than a customary legal proceeding. . . .

In addition to the proceedings that did not require a trial by jury prior to 1796, Tenn. Const. art. I, § 6 does not apply to claims or proceedings established after the adoption of the Tennessee Constitution of 1796. Accordingly, the General Assembly is now free to fashion new claims and remedies that do not include the use of the jury.

*Id.* at 823-24 (citations omitted). Trial by jury only exists for actions at common law which were tried by jury prior to 1796. In all other matters, the right to jury trial must be provided for by statute. The legislature may choose to specifically include the right to jury trial in enacting new laws as it did in its divorce laws. Tenn. Code Ann. § 36-4-113 (1996). However, such is not the case with the Domestic Abuse Act. The only additional source of jury trial rights is under Tennessee Code Annotated section 21-1-103 regarding matters that are inherently equitable. *See Smith Co. Educ. Ass'n v. Anderson*, 676 S.W.2d 328, 336 (Tenn. 1984).

Section 21-1-103 of Tennessee Code Annotated provides: "Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, as to such accounting, and *those elsewhere excepted by law or provisions of this Code*." (Emphasis added). This section was interpreted by *Moore v. Mitchell,* 205 Tenn. 591, 329 S.W.2d 821 (1959), to contain two exceptions to the right to jury trial in equity matters.[1] The two exclusions are (1) those Code sections "expressly excepted by the provisions of the Code" and (2) "those statutory exceptions not found in the Code." *Id.* at 824. The court further explained that these exceptions "by their very nature must necessarily be deemed inappropriate and not a proper case to be submitted to a jury . . . unless in such case express provision for a jury trial is made by statute." *Id.* The Domestic Abuse Act is "expressly excepted" by its language and legislative intent, and no "express provision for a jury trial is made by [this] statute" as required by *Moore. Id.*

As the Domestic Abuse Act does not, on its face, provide for or exclude a jury trial, the

---

[1]Counsel for the petitioner, Ms. Clark, makes the argument that this order of protection is a statutory proceeding and should be regarded as an action at law, thus not falling within the area of an inherently equitable procedure. It is further argued that since this case is not a proceeding in equity the statutory right to a jury trial under Tennessee Code Annotates section 21-1-103 is not applicable. Although we feel that this argument may have some merit, we choose to decide this case on other grounds.

legislative intent will control interpretation of this law. "[T]he statute should be construed as a whole, giving effect to each word. . . .[W]e should and will assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose." *Anderson Fish & Oyster Co. v. Olds,* 197 Tenn. 604, 277 S.W.2d 344, 345 (1955) (citations omitted). The Tennessee Supreme Court went on to state that "in construing a statute [we] should give it the construction which promotes the purpose and object of the Act." *Id.* The court later reiterated its standard for legislative construction.

> [T]his Court is bound to construe statutes in a manner that will give effect to the General Assembly's intent and policy considerations. In order not to defeat the purpose of the legislation, the Court must strictly construe exceptions to that purpose, and give effect and meaning to every word in the body of the statute.

*City of Kingsport v. Quillen*, 512 S.W.2d 569, 573 (Tenn. 1974) (citations omitted).

In order to determine if the domestic abuse act is excepted from the provisions of the statutory right to jury trial, we will follow the supreme court's guidelines in interpreting and construing section 36-3-605 of the Domestic Abuse Act. We believe that the language of this act clearly conveys the legislature's intent to provide a swift and efficient summary proceeding which requires only a hearing in front of a judge, not a jury trial. This clear legislative intent expressly excepts the Domestic Abuse Act from statutory right to jury trial.

First, upon looking at the terms used in the Domestic Abuse Act, we note the language used in section 36-3-605 paragraph (a) states that the "courts" may issue an ex parte order of protection. The legislature then, in paragraph (b), uses this same word and requires a hearing "at which time the *court* shall either dissolve any ex parte order which has been issued, or shall, if the petitioner has proved the allegations of domestic abuse by a preponderance of the evidence, extend the order of protection for a definite period of time." The word "court" is defined in sections 36-3-601(3) (a-e) of the Act as "any court of record with jurisdiction over domestic relation matters and the general sessions court." The statute at no time defines "court" as referring to a jury or jury trial and makes no distinction between the word "court" as used in section 36-3-605 paragraph (a) and paragraph (b).

Another important word in the statute is "hearing." Paragraph (B) of section 36-3-605 states that "[w]ithin fifteen (15) days of service . . . a *hearing* shall be held." We must assume that every word of this statute has meaning and purpose; therefore, we will look carefully at the legislature's use of the word "hearing" in this section. The legislature specifically chose the word "hearing," which is generally used in reference to simpler, non-jury matters heard in front of a judge, choosing not to use the word "trial," which generally refers to more complex proceedings in front of a jury. The Black's Law Dictionary definition of the word accords this understanding and defines "hearing" as follows:

> Proceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have rights to be heard, and is much the same as a trial

and may terminate in final order.  It is frequently used in a broader more popular significance to describe whatever takes place before magistrates clothed with judicial functions and *sitting without a jury* at any stage of the proceedings subsequent to its inception, and to hearings before administrative agencies as conducted by a hearing examiner or an Administrative Law Judge.

Blacks Law Dictionary 367 (5th ed. 1983) (emphasis added).  We believe the legislature chose to use the word hearing to specifically provide for a summary type proceeding in front of the judge alone, as opposed to a jury trial.  The legislature was free to include a provision for a jury trial as it did in Tennessee's divorce statute.  However, in the Domestic Abuse Act the legislature did not include the right to jury trial and chose the word "hearing" to describe the procedure by which the order of protection would be issued.

In addition, the legislative purpose and intent of this statute are specifically laid out in the Code.  "The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with *enhanced protection* from domestic abuse. . . . [T]he general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and *prevent further harm to the victim.*"  Tenn. Code Ann. § 36-3-618 (1996) (emphasis added).  In order to promote the purpose of the Domestic Abuse Act, as well as give effect to the intent and policy considerations, we must look carefully at what the legislature is trying to do.

The first important purpose is to provide enhanced protection from domestic abuse.  The legislature does this by providing an expedited process by which the victim may come into a variety of courts and, upon his or her own affidavit, obtain an order of protection.  However, this initial order will last for only fifteen days.  Within those fifteen days the court is required to have a "hearing" on the merits of this matter.  This "hearing" is obviously intended to be a quick and efficient summary proceeding to speed enforcement of the laws and help protect the victim from further abuse.

Construing this legislation to provide for a right to jury trial would thwart this purpose of enhanced protection.  At the end of the fifteen days, the order of protection would expire until such time as a jury trial could be had.  We think it obvious that the impossibility of a jury trial within fifteen days of the ex parte order would exist in virtually every court.  Further, those matters filed in general session would have to be transferred to the circuit before any additional action could be taken.  This interpretation of the act would leave the victim unprotected until a jury trial could be placed on the docket or require the victim to request an additional ex parte order of protection, which would also require a later jury trial or consolidation with the previous matter.  All this additional transferring and maneuvering would convert the simple expedited process laid out by the legislature into a long drawn out procedure which may take many months and would defeat the purpose of enhanced protection contemplated by the legislature.

Likewise, another purpose set out by the legislature is to prevent further harm to the victim. The requirement of a jury trial would leave the victim exposed after the initial fifteen day ex parte

order expires. Although there may be means for the courts to work with the victim to provide additional protection until such time as a jury trial can be carried out, this is clearly not the intention of the legislature, as no provision for a delay in the "hearing" or for expiration of the order is provided. Further, as a practical matter, no case requesting a jury trial would ever be heard in fifteen days, and the additional motions, discovery, consolidation requests, and other legal maneuvering which accompany a jury trial would merely be vehicles for delay and would definitely not accomplish the legislature's purpose of preventing further harm to the victim. The obvious intention of the legislature is that a "hearing" be held in front of a judge within fifteen days so that this proceeding may be kept quick and efficient in order provide enhanced protection and prevent further harm to the victim.

III.

We affirm the judgment of the trial court finding: (1) that there is no constitutional right to jury trial prior to the issuance of an order protection under the Domestic Abuse Act; (2) that the Domestic Abuse Act on its face does not provide for a jury trial prior to an issuance of an order of protection, and (3) that the legislature did not intend to include a right to jury trial prior to the issuance of an order of protection, thus, the Domestic Abuse Act is expressly excepted from Tennessee's statutory right to a jury trial in equity matters. The trial court's decision is hereby affirmed and this case is remanded for further proceedings.

_____
WILLIAM B. CAIN, JUDGE